**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Annie Brown; Randy Brown,  )
        Plaintiffs,  )    CV 16-0106-TUC-LAB
v.  )
           )    **ORDER**
City of Tucson,  )
        Defendant.  )
_____)

    Pending before the court is a motion to dismiss pursuant to Fed.R.Civ.P. 41(b), filed by the defendant, City of Tucson, on August 24, 2017. (Doc. 33)

    The plaintiff, Annie Brown, alleges that the Tucson Police failed to properly accommodate her cognitive dysfunction in violation of Title II of the ADA and Section 504 of the Rehabilitation Act. (Doc. 5) She further alleges a violation of her right to equal protection. *Id*. The defendant, City of Tucson (City), filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on May 20, 2016. (Doc. 12) The plaintiff did not file a responsive brief.

    In the pending motion, the City argues that the case should be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to comply with this court's order setting a deadline for filing a responsive brief.

    Magistrate Judge Bowman presides over this action having received the written consent of all parties. (Doc. 18)

Background

On May 20, 2016, the City filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 12) They argue the amended complaint is "confusing, conclusory and fails to allege a *Monell* claim." (Doc. 12)

Since that date, the plaintiffs have filed a number of motions to extend the time for filing a response. The plaintiffs tried to find legal representation, and then the plaintiff, Randy Brown, underwent medical treatment. The court extended the deadline five times. (Doc. 19); (Doc. 23); (Doc. 25); (Doc. 28); (Doc. 32) The court warned the plaintiffs that "[f]ailure to file a response could result in this action being dismissed without further notice." (Doc. 21, p. 2)

The deadline for filing a response was extended to August 21, 2017. (Doc. 32) The plaintiffs, however, did not file a response.

On August 24, 2017, the City filed the pending motion to dismiss for failure to comply with the court's order to file a timely response pursuant to Fed.R.Civ.P. 41(b), citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1991). (Doc. 33)

On September 5, 2017, the plaintiff, Randy Brown, filed a response to the motion to dismiss for failure to file a timely response, which the court construed as another motion to extend the deadline for filing a response to the original motion to dismiss. (Doc. 34) This court extended the deadline to September 19, 2017. (Doc. 36) The court notified the plaintiffs that "[n]o further extensions would be granted absent extraordinary circumstances" and that if the plaintiffs failed to file a timely response to the motion to dismiss, the action could be dismissed summarily without further notice. (Doc. 36, p. 2) (citing LRCiv 7.2(i))

The plaintiffs did not file a timely response.


Discussion

Rule 41(b) reads in pertinent part as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Fed.R.Civ.P.

In this case, the plaintiffs have not complied with the court's order to file a response by the deadline of September 19, 2017. (Doc. 36) Accordingly, this court may dismiss the case pursuant to Fed.R.Civ.P. 41(b). *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1991).

Moreover, the court may summarily grant the City's previously filed motion to dismiss pursuant to Local Rule 7.2(i), which states that when no responsive brief is filed, "such noncompliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily."

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Id*.

Before dismissing an action, however, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction." *Aguado v. First Magnus Fin. Corp.*, 2009 WL 4058173, at *1 (D. Ariz. 2009). "Thus the key factors are prejudice and availability of lesser sanctions." *Id*.

Upon balancing the factors, the court finds that the action should be dismissed. Although the City does not explicitly address the issue of prejudice, a delay of more than fifteen months has occurred since the motion to dismiss was originally filed. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

The court has extended the deadline six times; the court warned the plaintiffs that failure to file a timely response could result in dismissal; and the plaintiffs still have not filed a response to the original motion to dismiss. Accordingly, the court finds it is unlikely that less drastic sanctions would suffice.

IT IS ORDERED that the motion to dismiss pursuant to Fed.R.Civ.P. 41(b), filed by the defendant, City of Tucson, on August 24, 2017, is GRANTED. (Doc. 33)

IT IS ORDERED that the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed by the defendant, City of Tucson, on May 20, 2016, is GRANTED in accordance with LRCiv 7.2(i). (Doc. 12)

IT IS ORDERED dismissing this case with prejudice. The Clerk is instructed to issue judgment and close this case.

DATED this 25th day of September, 2017.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge